**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEAN SPOSTO, KEVIN SPOSTO and MILLENNIUM PACKAGING SERVICE, INC., | CIVIL ACTION NO. 3:05-CV-0980 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DICKSON CITY, ET AL., | |
| Defendants. | |

**MEMORANDUM**

Before me is Defendants Borough of Dickson City ("Borough"), Paul Kwiec, William Stadnitski, and Philip Davitt's (collectively "Defendants") Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16.)  For reasons set forth below, Defendants' Motion to Dismiss will be granted in part and denied in part.

**BACKGROUND**

The Amended Complaint alleges that the Plaintiffs, Dean Sposto and Kevin Sposto, are the owners of Millennium Packaging Service, Inc. ("Millennium") (collectively "Plaintiffs"), and that Millennium has a facility in Dickson City, Pennsylvania.  They allege that they are aligned with the so-called Majority Faction in Dickson City politics.  They allege on the other hand, Paul Kwiec is a member of the Minority Faction, and a minority member of Dickson City council, and that  William Stadnitski is the Police Chief of Dickson City, and is aligned with the Minority Faction.  Phillip Davitt is a patrolman on the Dickson City Police force. Plaintiffs allege that these political alignments and consequent differences of opinion are at

the root of the Plaintiffs' claims.

Plaintiffs allege that they secured a building permit in June, 2004, and that Chief Stadnitski and Patrolman Davitt undertook to investigate whether it was ever issued, and/or whether it was issued properly.[1]  In addition to writing letters to the Zoning Board of Dickson City, letters were also written to the Department of Labor & Industry of the Commonwealth of Pennsylvania.  At the same time, Chief Stadnitski made statements to the media to the effect that he was investigating a discrepancy in the dates and "we think things have been tampered with but we can't prove it."  Councilman Kwiec is alleged to have said [the issuance of the permit] "is one of the crookedest things" and that he "said he found a backdated building permit."

Plaintiffs also allege that Chief Stadnitski and Patrolman Davitt entered the Plaintiffs' property, despite 'no trespassing' signs, and searched the property by riding around the lot and sometimes circling cars in the lot.  The Chief and Patrolman Davitt also stopped Plaintiffs' employees as they left the premises and conducted license and registration checks, and sometimes issued citations for minor infractions, most of which were dismissed.

Plaintiffs allege the foregoing conduct provides the grounds for six claims, viz, Count I - Violation of Plaintiffs' First Amendment Speech and Political Association Rights; Count II - Violation of Plaintiffs' Fourteenth Amendment Due Process Rights; Count III - Violation of Pennsylvania Constitution; Count IV - Defamation Under Pennsylvania Law; Count V- Violation of Plaintiffs' Fourth Amendment Rights; and, Count VI - Vicarious Liability, Failure to Train, Supervise and Discipline.

---

[1]  In this case, they are alleged to have investigated whether it was back dated.

This matter is now ripe for disposition.

## DISCUSSION

**1.     STANDARD OF REVIEW**

### a.      Motion to Dismiss: Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion School District,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The court does not consider whether the plaintiff will

ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Electronics v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

### b.    GENERAL: 42 U.S.C. § 1983

In order to recover under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiffs need to show that: (1) the conduct complained of deprived the plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct was committed by a person acting under color of state law.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993).

### 2.    ANALYSIS

### a.    COUNT I - FIRST AMENDMENT CLAIM

"The Supreme Court has explicitly held that an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment Rights."  *Anderson v. Davila,* 125 F.3d 148, 160 (3d Cir. 1997) (citations omitted).   "In general, constitutional retaliation claims are analyzed under a three-part test.  Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.  *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2005).  Applying these elements to the allegations at hand, it is clear the Plaintiffs allege their First Amendment right to free association, that Chief Stadnitski, Councilman

Kwiec and Patrolman Davitt retaliated by the conduct noted above, and that the association is what caused the retaliating conduct.

Retaliation claims under the First Amendment generally fall into two different categories: (1) claims dealing with conduct interfering with access to courts and (2) claims dealing with conduct that are in retaliation to protected First Amendment activities. *Grimm v. Borough of Norristown,* 226 F. Supp. 2d 606, 637 (E.D. Pa 2002) (citations omitted). It has been determined that for the latter line of cases, the additional chilling requirements need not be met:

> The rule in this [Third] Circuit appears to be that in cases alleging interference with a person's right of access to the courts, a plaintiff must allege that the defendant's actions chilled the exercise of this right, but that in cases alleging retaliation, a plaintiff need not allege that defendant's conduct had a chilling effect.

*Id.* (citing *Anderson v. Davila,* 125 F.3d 148, 163 n.15 (3d Cir. 1997)). In so concluding, the District Court for the Eastern District of Pennsylvania reasoned that *Anderson* spoke in general terms with respect to the chilling effect requirement by "draw[ing] a distinction between right of access cases and retaliation cases generally, not between right of access cases and retaliation cases where the protected activity is the filing of a lawsuit specifically." *Id.* at n.20. Hence, Plaintiffs in their retaliation case do not have to show that Defendants' conduct chilled Plaintiffs from exercising their First Amendment rights. Furthermore, only the protected activity element of the three part test is a question of law. *Id.* The retaliation and causation requirements "present questions for the fact finder and are not subject to review" at this stage. *Baldassare v. New Jersey,* 250 F.3d 188, 195 (3d Cir. 2001).

Moreover, Plaintiffs also allege that by virtue of the deprivation of their right through

the retaliatory conduct, they suffered economic loss, emotional pain and suffering and on-going chilling of Plaintiffs' political speech and association.  (Doc. 13 ¶ 72.)

The motion to dismiss Count I will therefore be denied.

### 4.      COUNT II - DEPRIVATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

Plaintiffs claim a liberty interest in their reputation as well as a property interest in the zoning permit.

The elements of a Section 1983 action based upon the due process clause of the Fourteenth Amendment are "1) that [plaintiff] was deprived of a protected liberty or property interest; 2) that this deprivation was without due process; 3) that the defendant subjected the plaintiff or caused the plaintiff to be subjected to, this deprivation without due process; 4) that the defendant was acting under color of state law; and, 5) that the plaintiff suffered injury as a result of the deprivation without due process." *Schwartz v. County of Montgomery*, 843 F. Supp. 962 (E.D. Pa. 1994) (citing *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989)).

In the case of the claim for damage to reputation, "[t]here is no federal constitutional right to reputation". *Kulwicki v. Dawson,* 969 F.2d 1454,1458 (3d. Cir. 1992).

In the case of the claim that the Plaintiffs' property interest in the building permit was deprived, the allegations of the Amended Complaint fail to support any deprivation.  Indeed, Plaintiffs had the building permit and used it when they wished to do so.  The Amended Complaint, at best, alleges that the issuance of the permit was questioned and investigated and that its issuance was criticized.  No where does the Amended Complaint allege that Plaintiffs were deprived of its use.

6

The motion to dismiss Count II will therefore be granted.

### 5.     Count III - VIOLATION OF PENNSYLVANIA CONSTITUTION

Both Plaintiffs and Defendants agree that there is no private cause of action for violations of the Pennsylvania Constitution.  Therefore, Count III will be dismissed.

### 6.     COUNT IV - DEFAMATION UNDER PENNSYLVANIA LAW

Defendants argue that Count IV should be dismissed as the allegedly defamatory statements were made by Dickson City Borough Councilman Paul Kwiec and Dickson City Police Chief Wiliiam A. Stadnitski.  As high public officials, acting within the scope of their authority, Defendants argue that they are entitled to absolute immunity from Plaintiffs' state law defamation claim.

It is true that in Pennsylvania, high public officials enjoy absolute privilege from state law defamation claims, whether false or with malice, as long as the statements were made within the scope of his/her authority.  *Testa v. City of Philadelphia,* No. 00-3890, 2003 U.S. Dist. LEXIS 18030, at *6 (E.D. Pa. Oct. 8, 2003).  It is also true that the question as to whether a defendant is a high public official entitled to absolute immunity or not is a two part inquiry done on a case by case basis. *Id.*

The Court agrees that Councilman Kwiec is a high public official.  *Mcerlean v. Darby,* 157 F. Supp. 2d 441,447 (E.D. Pa. 2001) (The court had "no trouble finding that borough council members qualify as 'high public officials' for the purposes of immunity from defamation." (quoting *Satterfield v. Borough of Schuylkill Haven,* 12 F. Supp. 2d 423, 442 (E. D. Pa. 1998)).  Plaintiffs argue, however, that Chief Stadnitski is not a high public official even though Plaintiffs admit that he is a"high-ranking municipal policy maker" in Count VI of

their complaint). More importantly, however, Plaintiffs argue that neither Chief Stadnitski nor Councilmen Kwiec's statements were made in the course of their official duties or within the scope of their authority. (Doc. 24-1 at 12.)

Plaintiffs have alleged enough in their Amended Complaint to state a claim upon which relief can be granted. The Amended Complaint alleges that both Chief Stadnitski and Councilman Kwiec took actions in relation to zoning and permit matters, which are areas that generally fall out of the scope of their respective offices. Some of these acts include writing letters to other agencies and making statements to the media. (Doc. 13-1 ¶¶ 33-47.)

The motion to dismiss Count IV will therefore be denied.

### 6.    COUNT V - CLAIMS UNDER THE FOURTH AMENDMENT

Plaintiffs allege that Chief Stadnitski, Patrolman Davitt and other Dickson City patrolmen conducted warrantless searches on the individual Plaintiffs' property upon which Plaintiff Millennium conducts its operations. Moreover, Plaintiffs allege these warrantless searches occurred despite 'private property' and 'no trespassing' postings on the property. Plaintiffs further alleges that Defendants repeatedly pulled over the vehicles of Plaintiffs' employees and business invitees. It is well established that a warrantless search without probable cause is an invasion of privacy and is therefore actionable as a violation of the Fourth Amendment under Section 1983. *See Monroe v. Pape,* 365 U.S. 167, 171 (1961); *Katz v. United States,* 389 U.S. 347, 357 (1967).

Defendants argue, however, that Count V should be dismissed because the injury asserted is not of Plaintiffs but of its employees and business invitees for which Plaintiffs have no standing. The Court agrees. The Supreme Court has held that "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal

rights or interests of third parties." *Potthoff v. Morin,* 245 F.3d 710 (8th Cir. 2001) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)).  While it is true that corporations have standing to bring suit, it still has to be based on cognizable injury to the corporation.  *Grimm v. Borough of Norristown,* 226 F. Supp. 2d 606, 633 (E.D. Pa 2002).  In *Grimm*, Grimm Brothers had standing as a corporation because the multiple citations entered against two of its properties injured the corporation itself as it interrupted the corporation's normal operation of business. *Id.* at 633-34.   Standing, however, was denied when the injury was not as direct:

> Although plaintiffs might argue that Grimm Brothers should have standing to challenge the citations issued against Gary Grimm because Gary Grimm was occupying the building in order to ensure Grimm Brothers' operation and because the company was injured when Gary Grimm was penalized for occupying the premises, we find this connection to be too tenuous to allow Grimm Brothers standing to challenge these citations.

*Id.* at 634.

Likewise, the Court believes that while the employees and guest invitees might have a Fourth Amendment claim for the allegedly illegal traffic stops, Plaintiffs in this case, do not.

The Motion to Dismiss Count V will therefore be granted.

### 7.    COUNT VI - VICARIOUS LIABILITY OF DICKSON CITY

Plaintiffs allege that the Borough of Dickson City is vicariously liable for the unconstitutional conduct of Councilman Kwiec, Chief Stadnitski and patrolman Davitt because the Borough has failed to  adequately train, supervise and/or discipline them. Plaintiffs further allege that the Borough was aware of the Defendants unlawful actions and that the Borough has acted with deliberate indifference.

Defendants argue that since there was no deprivation of constitutional rights, the question of whether municipal liability exist should be dismissed.  As all constitutional violation claims against the Defendants have not be dismissed, the Court will address whether Plaintiffs have sufficiently pleaded municipal liability in their Amended Complaint.

While a municipality cannot be sued solely on the basis of its employees' unconstitutional acts, it can be sued for its official policies and customs that result in constitutional violations. *Monell v. Dep't of Soc. Serv. Of the City of New York,* 436 U.S. 658, 690-91 (1978).   In finding what constitutes official policies and customs sufficient to hold a municipality liable, the Supreme Court held that a policy of inadequate training or supervision is sufficient.  *City of Canton v. Harris,* 489 U.S. 378,388 (1989).  A showing of such a policy requires proof of deliberate indifference by the local government, where "a deliberate choice to follow a course of action is made from among various alternatives by city makers".  *Id.* (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 483-84).   Custom could generally be established when there is a practice that is so routinely followed that it can be "ascribable to the municipal decisionmakers". *Anela v. City of Wildwood,* 790 f.2d 1063,1067 (3d Cir. 1986).

Section 1983 claims against municipalities are not subject to any heightened pleading requirements.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).  In their Amended Complaint, Plaintiffs have sufficiently alleged that the Borough is liable for its policy of inadequate training and supervision.

The Motion to Dismiss Count VI will therefore be denied.

**CONCLUSION**

The motion to dismiss Counts I, IV, VI will be denied.  Count I will remain because Plaintiffs have sufficiently alleged that Defendants have engaged in defamatory actions in retaliation to Plaintiffs' political association.  Count IV remains because Plaintiffs have sufficiently alleged, regardless of whether Stadniski and Kweic are high public officials or not, that the defamatory statements were made outside the scope of these Defendants' official authority.  Count VI remains because Plaintiffs have sufficiently alleged that municipal liability exists because of the Borough's policy and customs that resulted in deprivation of Plaintiffs' constitutional rights.

The motion to dismiss Counts II, III and V will be granted.  Count II will be dismissed as Plaintiffs failed to allege the loss of the building permit in which they claim to have a vested interest.  Count III will be dismissed as both parties have agreed that there is no private cause of action for violations of the Pennsylvania Constitution.  Count V will be dismissed as Plaintiffs have failed to allege a direct injury caused by the multiple traffic stops.

As such, Defendants' Motion to Dismiss (Doc. 16) will be granted in part and denied in part.  An appropriate order follows.

| | |
|---|---|
| December 6, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN SPOSTO, KEVIN SPOSTO and MILLENNIUM PACKAGING SERVICE, INC., | CIVIL ACTION NO. 3:05-CV-0980 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DICKSON CITY, ET AL., | |
| Defendants. | |

## ORDER

**NOW**, this 6th day of December, 2005, **IT IS HEREBY ORDERED** that Defendants'

Motion to Dismiss (Doc. 16) is **GRANTED in part** and **DENIED in part**:

The Motion to Dismiss the following claims is **GRANTED**:

> (1)   Count II - Violation of Fourteenth Amendment is DISMISSED;
>
> (2)   Count III - Violation of Pennsylvania Constitution is DISMISSED; and
>
> (3)   Count V - Violation of Fourth Amendment is DISMISSED.

The Motion to Dismiss the following claims is **DENIED:**:

> (1)   Count I - Violation of First Amendment;
>
> (2)   Count IV - Violation of Defamation Under Pennsylvania State Law; and
>
> (3)   Count VI - Municipal Liability.

> /s/ A. Richard Caputo
> A. Richard Caputo
> United States District Judge